IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

RAYMOND L. STOOKEY,

        Plaintiff,

Vs.                                                                                    No. 13-2172-SAC

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the defendant Commissioner of Social Security ("Commissioner") that denied the claimant Raymond L. Stookey's ("Stookey") application for disability insurance benefits and his application for supplemental security income ("SSI") under the Social Security Act ("Act"). Stookey alleged a disability onset set date of January 31, 2006, based on a combination of impairments. The administrative law judge ("ALJ") filed his decision on February 8, 2012, finding that Stookey was not under a disability from the alleged onset date through the date of his decision. (Tr. 10-20). With the Appeals Council's denial of Stookey's request for review, the ALJ's decision stands as the Commissioner's final decision. The administrative record (Dk. 8) and the parties' briefs are on file pursuant to D. Kan. Rule 83.7.1 (Dks. 9, 17 and 18), the case is ripe for review and decision.

**STANDARD OF REVIEW**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that the Commissioner's finding "as to any fact, if supported by substantial evidence, shall be conclusive." The court also reviews "whether the correct legal standards were applied." *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Persales*, 402 U.S. 389, 401 (1971) (quotation and citation omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted). The review for substantial evidence "must be based upon the record taken as a whole" while keeping in mind "evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (internal quotation marks and citations omitted). In its review of "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, . . . [the court] will not reweigh the evidence or substitute . . . [its] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (internal quotation marks and citation omitted).

The court's duty to assess whether substantial evidence exists: "is not merely a quantitative exercise. Evidence is not substantial 'if it is overwhelmed by other evidence--particularly certain types of evidence (e.g., that offered by treating physicians)--or if it really constitutes not evidence but

mere conclusion.'" *Gossett v. Bowen*, 862 F.2d 802, 805 (10th Cir. 1988) (quoting *Fulton v. Heckler*, 760 F.2d 1052, 1055 (10th Cir. 1985)). At the same time, the court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax v. Astrue*, 489 F.3d at 1084 (internal quotation marks and citation omitted). The court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been made." *Wall v. Astrue*, 561 F.3d at 1052 (internal quotation marks and citation omitted).

By statute, a disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A).

A five-step sequential process is used in evaluating a claim of disability. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). The first step entails determining whether the "claimant is presently engaged in substantial gainful

activity." *Wall v. Astrue*, 561 F.3d at 1052 (internal quotation marks and citation omitted). The second step requires the claimant to show he suffers from a "severe impairment," that is, any "impairment or combination of impairments which limits [the claimant's] physical or mental ability to do basic work activities." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003) (internal quotation marks and regulatory citations omitted). At step three, the claimant is to show his impairment is equivalent in severity to a listed impairment. *Lax*, 489 F.3d at 1084. "If a claimant cannot meet a listing at step three, he continues to step four, which requires the claimant to show that the impairment or combination of impairments prevents him from performing his past work." *Id*. Should the claimant meet his burden at step four, the Commissioner then assumes the burden at step five of showing "that the claimant retains sufficient RFC [residual functional capacity] to perform work in the national economy" considering the claimant's age, education, and work experience. *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010) (internal quotation marks and citation omitted). Substantial evidence must support the Commissioner's showing at step five. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

**ALJ'S DECISION**

At step one, the ALJ found that Stookey had not engaged in substantial gainful activity since the alleged onset date of his disability. At step

two, the ALJ found the following severe impairments: "diabetes, peripheral neuropathy, obesity, mild degenerative joint disease of the spine." (Tr. 12). The ALJ excluded from this listing the following impairments as non-severe: tachycardia, hypertension, hyperlipidemia, asthma, gastroesophogeal reflux disease ("GERD"), spleen infarction, restless leg syndrome, anxiety and depression. *Id.* at 12-13. At step three, the ALJ did not find that the impairments, individually or together, equaled the severity of the Listing of Impairments. Before moving to steps four and five, the ALJ determined that Stookey had the residual functional capacity ("RFC") to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can lift and carry twenty pounds occasionally and ten pounds frequently; walk or stand two hours of an eight hour work day, for thirty minutes a time; sit for six hours of an eight hour work day, for thirty minutes a time; never push or pull with his lower extremities; occasionally climb stairs; never climb ropes, scaffolds or ladders; occasionally balance, stoop, crouch, kneel or crawl; he must avoid prolonged exposure to temperature extremes and vibrating machinery; much avoid moving machinery and unprotected heights; and secondary to his reported chronic pain and the potential side effects of medications he is limited to jobs that do not demand attention to details or complicated job tasks or instructions.

(Tr. 15). At step four, the ALJ found that the claimant is unable to perform any past relevant work. (Tr. 18). At step five, the vocational expert provided testimony from which the ALJ concluded that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.*

5

**ISSUE ONE: SUBSTANTIAL EVIDENCE FOR RFC FINDING**

The plaintiff first challenges that the ALJ failed to include as part of the RFC his prior findings that due to the plaintiff's medically determinable mental impairments of depression and anxiety he had mild limitations in two functional areas--social functioning and concentration, persistence, or pace. Without these limitations in the ALJ's hypothetical question to the vocational expert ("VE"), the plaintiff concludes the VE's testimony cannot be substantial evidence. RFC is the most a claimant can still do despite physical and mental limitations. *See* 20 C.F.R. §§ 404.1545, 416.945(a). To assess a claimant's RFC, the ALJ must consider the combined effect of all the claimant's medically determinable impairments, whether severe or not severe. *See* 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). "[T]he Commissioner's procedures do not permit the ALJ to simply rely on his finding of non-severity as a substitute for a proper RFC analysis." *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) (citing *See* Social Security Ruling (SSR) 96-8p, 1996 WL 374184 at *4 (July 2, 1996)). "[A] conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five." *Id.* at 1068-69.

The ALJ' decision states that the "paragraph B" analysis relates to steps two and three but that "[t]he mental residual functional capacity

6

assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments (SSR 96-8p)." (Tr. 15). The ALJ concludes, "[t]herefore, the following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B" mental function analysis." Id. At step four in making the RFC findings, the ALJ wrote that he had "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p" and also the "opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." Id.

Despite this boilerplate in the ALJ's decision, the court cannot find anything in the ALJ's decision at step four showing that he actually engaged "in any analysis of mental functions and how they may be impacted (or not) by" Stookey's "medically determinable mental impairments." *Alvey v. Colvin*, 536 Fed. Appx. 792, 794 (10th Cir. Aug. 28, 2013). There is no discussion of the evidence relating to depression and anxiety and any conclusion on the associated limitation with the mental impairment. *Suttles v. Colvin*, 543 Fed. Appx. 824, 826 (10th Cir. Oct. 31, 2013). The ALJ's credibility finding on Carol

7

Adams, Psy.D, repeats the step two conclusion, "the lack of medical evidence to establish a severe mental impairment," and summarily repeats the prior step two findings of no mental health treatment other than medications from the treating physician and no referral to mental health professionals. (Tr. 18). In spite of the boilerplate, the ALJ's language is suggestive of only relying on step-two findings to conclude that Stookey apparently had no limitations on his RFC. This is "inadequate under the regulations and the Commissioner's procedures." *Wells*, 727 F.3d at 1069.   Based on the ALJ's decision, "[i]t "appears, therefore, that the ALJ failed to employ the step-four analytical procedure prescribed by the regulations." *Alvey*, 536 Fed. Appx. at 794.

The Tenth Circuit recognized that a determination of harmless error would make a remand unnecessary in these circumstances. *Id*. at 794. Such a determination is "appropriate 'where based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way,' *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004)." *Alvey*, 536 Fed. Appx. at 794. From the evidence of record, the court cannot say that no reasonable factfinder would have resolved the factual matter differently particularly considering the treating physician's RFC form, the recent medical records showing repeated treatment for these conditions, and increasing dosages of medication prescribed even after the

8

records noted some recent improvement.

The plaintiff also complains that the ALJ failed to include his other non-severe medically determinable impairments in the RFC. In particular, the ALJ failed to address the plaintiff's problems with his left hand as included in a function report and reflected in the treating physician's RFC findings. (Tr. 253, 605). "An ALJ must 'consider the limiting effects of all [a claimant's] impairment(s), even those that are not severe, in determining [RFC].' 20 C.F.R. § 404.1545(e)." *McFerran v. Astrue*, 437 Fed. Appx. 634, 638, 2011 WL 3648222, at *3 (10th Cir. 2011). The Commissioner presumes the ALJ found this limitation was not supported by the medical evidence of record and gives different reasons for the ALJ's supposed finding. (Dk. 17, p. 10, citing Tr. 17). The ALJ's decision, however, does not include any findings or reasons for ignoring the plaintiff's problems with his left hand. One of the hypotheticals asked of the VE included a limitation with the left upper extremity in pushing, pulling, reaching, handling and fingering. (Tr. 56-57). Yet, the ALJ's decision makes no mention of the evidence on this limitation or his reason for not including it in the RFC. "[T]he district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005) (citations omitted).

In sum, the court cannot conclude the Commissioner applied the

9

correct legal standards in assessing an appropriate RFC and then considered and weighed the evidence regarding all limitations and impairments for the RFC finding. A remand is necessary for the agency's proper consideration of these issues.

For purposes of this remand, the court also takes up the plaintiff's final issue that the Commissioner did not carry his burden at step five in accepting and relying on the VE's testimony that the plaintiff could perform the jobs of surveillance systems monitor, document preparer, and lens inserter. The plaintiff points out that the Dictionary of Occupational Titles ("DOT") describes the first two jobs, monitor and preparer, as requiring a reasoning level three. The ALJ, however, limited the plaintiff's RFC "to jobs that do not demand attention to details or complicated job tasks or instructions." (Tr. 15). The plaintiff compares this RFC finding with the definition of level two reasoning as requiring the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." 1991 WL 688702. Thus, the plaintiff argues the ALJ relies on VE testimony that conflicts with DOT in that the identified jobs require a higher reasoning level than described in the RFC.

The Tenth Circuit follows a rule that was "reaffirmed in *Hackett v. Barnhart*, 395 F.3d 1168, 1175 (10th Cir. 2005), and codified in SSR 767 00-4p, that an ALJ must elicit a reasonable explanation for any material

10

conflicts between a VE's testimony and occupational information in the DOT." *Garcia v. Barnhart*, 188 Fed. Appx. 760, 2006 WL 1923984 at *5 (10th Cir. 2006). When there is a "facial conflict" between the claimant's described RFC and the reasoning required in DOT for the jobs listed by the VE, the court may reverse and remand "for an explanation, if any, that would resolve the conflict so as to permit reliance on the VE's testimony." *Id.* (citing *Hackett*, 395 F.3d at 1176).

The Commissioner contends the ALJ did not limit the plaintiff to simple and repetitive work as in *Hackett*. This is again a post-hoc justification as the ALJ did not affirmatively state the plaintiff's reasoning level other than to rule out attention to details and complicated tasks or instructions which may correspond with the lower reasoning level of two. The court need not "resolve whether the one occupation identified by the VE unaffected by the conflict . . . reflects work in sufficient numbers to conclusively establish the requisite numerical significance," as the case is being remanded due to other errors. *Garcia*, 2006 WL 1923984 at *6. The court expects the ALJ will follow *Hackett* on remand in addressing the evidence at step five.

IT IS THEREFORE ORDERED that the decision of the Commissioner is reversed and the case is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

11

Dated this 22nd day of July, 2014, Topeka, Kansas.


                    s/Sam A. Crow
                    Sam A. Crow, U.S. District Senior Judge